UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| PLAINTIFF, | : | |
| v. | : | Case No.: 1:22-cr-00210-TSC |
| LETICIA VILHENA FERRERIA, | : | |
| DEFENDANT. | : | |

**DEFENDANT LETICIA VILHENA FERRERIA'S**
**MEMORANDUM IN AID OF SENTENCING**

Comes now, the defendant, Leticia Vilhena Ferreira ("Defendant", or, in the alternative, "Ms. Ferreira"), through counsel, Lionel André, pursuant to Federal Rule of Criminal Procedure 32, to address the sentencing factors of 18 U.S.C. §3553(a) in aid of the defendant's sentencing and to request that the court impose a sentence of one year probation and community service. In support, the Defendant states as follows:

**I. INTRODUCTION**

Ms. Ferreira plead guilty to one count of Parading, Demonstrating, or Picketing in a Capitol Building (Count 1 of the Information) pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) on June 22, 2022. This offense carries a maximum term of imprisonment of six months pursuant to 40 U.S.C. §§5104(e)(2)(G) and 5109(b); a maximum fine of $5,000 pursuant to 18 U.S.C. §3571(b); and a special assessment fee of $10 pursuant to 18 U.S.C. §3013. Ms. Ferreira is eligible for up to five years' probation pursuant to 18 U.S.C. §3561(c)(2). This offense is not subject to a term of supervised release. 18 U.S.C. §§ 19 and 3583(b)(3). The U.S. Sentencing

Guidelines do not apply to this count of conviction which is a Class B misdemeanor. USSG §1B1.9.

Ms. Ferreira respectfully requests that the Court impose a sentence of one year of probation with the condition of community service and restitution. Such a sentence would be sufficient but not greater than necessary pursuant to 18 U.S.C. §3553(a) and (b) because (1) Ms. Ferreira did not directly participate in any acts of violence or property destruction while in the Capitol on January 6, 2021; (2) her actions were not politically motivated; (3) she has no prior criminal history and has maintained stable employment as a Sustainability Project Engineer since July 31, 2019; (4) she cooperated with the FBI by submitting to an interview and providing full access to the contents of her phone; (6) she voluntarily provided the FBI with the jacket that she wore on January 6th; (7) she continued to cooperate with the government once she was charged by promptly agreeing to plead guilty and accept responsibility for her actions; (8) she has been vilified in social media, especially Brazil; and (9) she has profound remorse for her actions on January 6, 2021.

## II. PRE-SENTENCE REPORT

### A. Factual Objections

Ms. Ferreira does not have any factual objections to the final Pre-sentence Report.

### B. Legal Objections

Ms. Ferreira does not have any legal objections to the PSR.

III. **STATUTORY SENTENCING RANGE, ADVISORY GUIDELINE RANGE, AND RECOMMENDATION**

A. **Imposition of Sentence**

This court must impose a sentence that is ". . . sufficient but not greater than necessary, to comply with the purposes [of sentencing] set forth in section 2 of 18 U.S.C. §3553(a)." In determining the sentence to be imposed this court must consider the §3553(a) factors. Those are:

*1. The Nature and Circumstances of the Offense.*

Ms. Ferreira plead guilty to Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. §5104(e)(2)(G). Ms. Ferreira, who is a citizen of Brazil and unable to vote in the U.S., decided to travel to Washington, D.C. to attempt to see President Donald Trump live, as well as to visit the Washington monuments for the first time. Ms. Ferreira was fond of watching President Donald Trump's rallies on television because they were often entertaining. Ms. Ferreira had never been to Washington, D.C. before; therefore, upon her arrival, she was mesmerized by the monuments and sights around the D.C. downtown area. As a tourist who is in the U.S. on a work Visa, this was an exciting trip for Ms. Ferreira. Unfortunately, Ms. Ferreira never got the opportunity to hear President Trump speak at the rally. She was too far back in the crowd to see or hear anything when President Trump spoke. After President Trump's speech, Ms. Ferreira followed the crowd and peacefully walked towards the west-side of the U.S. Capitol building with others. Per security camera footage provided as part of discovery, Ms. Ferreira stopped near the stairs leading up to the U.S. Capitol building. She moved with the crowd up the Capitol steps and entered the U.S. Capitol building at the Senate Wing Door just before 2:15 p.m. and made her way to the Crypt. The footage also shows that

Ms. Ferreira moved from the Crypt to the U.S. Capitol Rotunda and the Rotunda foyer. Ms. Ferreira moved in and out of the Rotunda through wall-to-wall people taking photos and videos of the events as they were unfolding so she could share with family and friends. From there, Ms. Ferreira descended a stairway and moved back into and through the Crypt. Ms. Ferreira then moved into a packed crowd of people gathered just inside the Senate Wing Door.  Further, the footage shows that Ms. Ferreira maneuvered through the crowd and exited the U.S. Capitol building just after 2:59 p.m., after spending 45 minutes inside the Capitol building.

Ms. Ferreira was captured on video the entire time that she was on the Capitol grounds.  At no time does it depict her being violent or aggressive, encouraging others to be violent or to destroy property. Ms. Ferreira did not have any confrontations with law enforcement officers or other Capitol personnel. No images are captured of Ms. Ferreira being violent, inciting violent actions, confronting law enforcement, or committing acts of property damage because she did not do any of those things.

During the entire time Ms. Ferreira was on the Capitol grounds, she was oblivious to the fact that a joint session of the United States Congress had convened to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020.  At no time while on the U.S. Capitol grounds or inside the U.S. Capitol building did Ms. Ferreira commit any acts of violence or disrespect any person or destroy property.

Unfortunately for Ms. Ferreira, on January 6, 2021, while on Capitol grounds, she exercised poor judgment by following the crowd into the Capitol grounds and into the building.  She plead guilty at the earliest possible opportunity to Parading, Demonstrating,

or Picketing in a Capitol Building, and cooperated fully with the government, and saved government resources by not having to litigate the matter.

### 2. History and Characteristics of the Defendant.

Ms. Ferreira, a resident of Illinois, is 33 years old. She has no criminal record and no past contact with the criminal justice system. PSR at ¶¶ 23-29.  She is employed, full time, as a Sustainability Project Engineer. PSR at ¶¶ 49-50. Ms. Ferreira has been a life-long environmentalist who has a passion for saving the planet through recycling.  She chose a career as a sustainability engineer to pursue that passion.

At the time of her arrest, Ms. Ferreira was employed. Her employer is aware of her arrest and guilty plea in this case. PSR at ¶50.  Ms. Ferreira is a hard worker and has great compassion and empathy for others.  Based on Ms. Ferreira strong work ethic, her employer still wants her to remain employed at the company despite the guilty plea in this matter and is working with Ms. Ferreira to extend her Visa so she can remain employed with the company.

Further, Ms. Ferreira has been on pretrial release since February 16, 2022, and has been compliant with all conditions of her pretrial release. PSR at ¶¶6-7.  This demonstrates that she would do well on probation.

As evidence by the attached letters, Ms. Ferreira has a long history of helping and caring for others. She has been law-abiding and supportive of law enforcement her entire life. Federal Judge Fernando M. Gonçalves of São Paulo, who is a neighbor of the Ferreira family stated, "Over the years that I've known her, Leticia has always behaved as a respectful and peaceful person, and above all, as her whole family, a law-abiding citizen." Ex. A (Letter from the Honorable Fernando M. Gonçalves).  Leticia's parents who knows

Leticia better than anyone else observed, "Leticia was always a supportive child with everyone around her, very disciplined and respectful to any rules of all the places where she went. We never received complaints from the school, clubs, or the community we lived. She was always very engaged and very committed to everything she was willing to do. She has always been a very good student, good daughter, and good friend. From elementary school to college, she has always done very well without ever having to be told to do so. She is a sweet girl who really likes music, nature, work and loves what she does very much." Ex. B (Letter from Fernando Sergio Ferreira & Jucyara Goncalves Vilhena Ferreira). These letters demonstrate that Mr. Ferreira is a peaceful, law-abiding person who suffered a momentary lapse in judgment on January 6th.

As described in the PSR Ms. Ferreira does have serious health problems that require constant medical attention, and unexpected visits to the emergency room. *See* PSR ¶¶ 38-40

Ms. Ferreira is single with no dependents. In January 2021, Ms. Ferreira decided to travel to Washington, D.C. to hear Donald Trump speak live and to see the sights in Washington, D.C. for the first time. Upon her arrival in Washington, D.C., Ms. Ferreira did not intend to participate in any rally as a protestor. Ms. Ferreira had never participated in a protest in her life. She is not a member of any radical groups; nor did she organize or partake in the organization of the protest on January 6th. Likewise, she was not part of a larger organization in attendance that day. She in no way condones or justifies the violence that occurred on January 6th. She merely wanted to watch a Donald Trump's rally live, then go sightseeing in Washington, D.C.

As a result of her January 6th related arrest and guilty plea, social media has vilified Ms. Ferreira. Her personal information, including employer's name and address were posted on the internet. She has been the subject of harassment and ridicule. Ms. Ferreira is concerned about the tone of some of the postings which has made her fearful.

### 3. The Need for the Sentence imposed –

#### a. To Reflect the Seriousness of the Offense, Promote Respect for the Law and to Provide Just Punishment for the Offense.

The offense Ms. Ferreira plead guilty to is a misdemeanor. A period of probation will still reflect the seriousness of the offense, promote respect for the law and provide just punishment. As the Supreme Court has noted probation involves a "substantial restriction of freedom." *United States v. Gall*, 128 S. Ct. 586, 595 (2007). "Inherent in the very nature of probation is that probationers 'do not enjoy the absolute liberty to which every citizen is entitled'" (quoting *Griffin v. Wisconsin*, 583 US. 868, 874 (1987).

#### b. To afford Adequate Deterrence to Criminal

On February 16, 2022, Ms. Ferreira was placed under arrest, handcuffed, and locked up in the Northern District of Illinois for the instant offense. Fortunately, she was released that day on a personal recognizance bond. This was, and will always be, Ms. Ferreira's first and only contact with the criminal justice. It was traumatic for her. Ms. Ferreira's arrest garnered significant media attention, especially in Brazil. Her arrest and guilty plea in this matter has brought significant shame and fear to Ms. Ferreira and her family. Brazilians have called her a traitor, blamed her for possible adverse immigration consequences against Brazilians by U.S. officials.

#### c. To Protect the Public from Further Crimes of the Defendant

As stated above, this is Ms. Ferreira's first and only contact with the criminal justice system. Based on her past record of zero contacts with the criminal justice system, her immediate acceptance of responsibility, and her remorse for her conduct, it is certain to be her last contact. Even a sentence of probation will ensure that Ms. Ferreira has no further criminal conduct and will protect the public from further crimes by Ms. Ferreira.

### d. To Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

Ms. Ferreira is well-established in her career as an environmental engineer and does not need any educational or vocational training. She does not require medical care or other correctional treatment.

### e. The Kind of Sentences Available

As this is a Class B misdemeanor the Federal Sentencing Guidelines do not apply. This court is free to impose any sentence that is ". . . sufficient but not greater than necessary, to comply with the purposes [of sentencing] set forth in section 2 of 18 U.S.C. §3553(a)."

A sentence of probation is appropriate in this case.

### f. The Need to Avoid Unwarranted Sentence Disparities

For those offenses for which there is no applicable sentencing guideline, "the court shall also have due regard for the relationship of the sentence imposed to sentences prescribed by guidelines applicable to similar offenses and offenders, and to the applicable policy statements of the Sentencing Commission." 18 U.S.C. §3553(b)(1). Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct. A sentence of probation would be consistent with other Capitol breach defendants similarly

situated. *See, e.g., United States v. Valerie Ehrke*, 21--CR00097 (PLF), 36 months' probation; *United States v. Danielle Doyle*, 21-CR-00324 TLM, 2 (two) months' probation, $3,000.00 fine; *United States v. Eliel Rosa*, 21-CR 00068 TNM, 12 months' probation, 100 hours community service; *United States v. Thomas Gallagher*, 21-CR-00041 CJN, 24 months' probation, 60 hours community service.

## IV. CONCLUSION

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States*, 128 S.Ct. 586, 598 (2007) *citing Koon v. United States*, 518 U.S. 81, 113 (1996). Ms. Ferreira is a 33-year-old first offender, who exercised poor judgment, followed the crowd, and entered the Capitol building without permission. She was mesmerized by the excitement of the day and wanted to capture it on her iPhone for posterity. Looking back, she knows she acted foolish on January 6th. She had no political motivations or agenda, except to hear President Trump speak live at his rally and to capture part of history on her camera. She truly regrets her decision and has learned a lesson that our parents often told us as children, "Don't follow the crowd!" Now Ms. Ferreira wishes that she had obeyed that mantra.

As set out above, considering Ms. Ferreira's history and characteristics, in combination with the facts of the instant offense, a sentence of one year of probation and community service will satisfy the 18 U.S.C. §3553(a) factors.

Dated: September 7, 2022          Respectfully submitted,

*Lionel Andre*

Lionel André

SECIL Law, PLLC

1701 Pennsylvania Avenue, NW

Suite 200

Washington, D.C. 20006

landre@secillaw.com

(703) 304-6529

*Attorney for Leticia Vilhena Ferreira*