UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| PLAINTIFF, : | |
| v. : | Case No.: 1:22-cr-00210-TSC |
| LETICIA VILHENA FERRERIA, : | |
| DEFENDANT. : | |

## DEFENDANT'S MOTION REQUESTING TO APPEAR REMOTELY FOR SENTECING HEARING

Defendant Leticia Vilhena Ferreira, through counsel, respectfully moves this Court to permit the undersigned counsel and defendant Leticia Vilhena Ferreira to appear remotely for the sentencing hearing in this case scheduled for September 14, 2024. In support of this request, the undersigned states the following:

1.     A family member of the undersigned counsel's household tested positive for COVID-19 on Saturday, September 12, 2022.  The median incubation period for COVID-19 is four to five days. Most symptomatic people experience symptoms within two to seven days after exposure. Pursuant to CDC protocol, counsel must quarantine for five days.

2.      For the reasons stated in paragraphs 38 and 40 of Ms. Ferreira's Pre-Sentence Investigation Report, it is not advisable for Ms. Ferreira to travel at this time.

3.     Ms. Ferreira has been on pretrial release since February 16, 2022, and has been compliant with all conditions of pretrial release.

4. During the two years, many functions of the U.S. District Court for the District of Columbia have been suspended due to the COVID-19 pandemic. Chief Judge Howell has issued a series of standing orders addressing the operations of the Court, most recently on June 9, 2022, *COVID-19 Standing Order 22-35: In Re: Further Extension of Authorization for Use of Video Teleconferencing and Teleconferencing for Felony Pleas and Sentencings and Certain Juvenile Delinquency Proceedings* (June 9, 2022), addressing the limited resumption of jury trials.[1] Chief

---

[1] *See* COVID-19 Standing Order 22-35: In Re: Further Extension of Authorization for Use of Video Teleconferencing and Teleconferencing for Felony Pleas and Sentencings and Certain Juvenile Delinquency Proceedings (June 9, 2022); COVID-19 Standing Order 22-27: In Re: Ninth Extension of Authorization for Use of Video Teleconferencing and Teleconferencing for Certain Criminal and Juvenile Delinquency Proceedings (May 12, 2022); Mask Requirements in the Public Areas of the Courthouse and Courtrooms (Effective April 4, 2022); COVID-19: Appendix 8 - Plan for Jury Trials (Updated March 2, 2022); COVID-19 Standing Order 22-07: In Re: Eighth Extension of Authorization for Use of Video Teleconferencing and Teleconferencing for Certain Criminal and Juvenile Delinquency Proceedings and Speedy Trial Exclusion (February 15, 2022) COVID-19 Standing Order 22-04: Further postponement of jury trials and closing of public access to Clerk's Office in light of current circumstances relating to the COVID-19 Pandemic (Updated January 20, 2022); COVID-19 Standing Order 21-83: Postponement of jury trials and closing of public access to Clerk's Office in light of current circumstances relating to the COVID-19 Pandemic (Updated December 30, 2021); COVID-19 Standing Order 21-79: In Re: Speedy Trial Act Exclusions in Light of Current Circumstances Relating to the COVID-19 Pandemic (December 13, 2021) COVID-19 Standing Order 21-70: In Re: Seventh Extension of Authorization for Use of Video Teleconferencing and Teleconferencing (November 22, 2021) COVID-19 Standing Order 21-62: In Re: Extension with Limits on Trials (November 1, 2021) COVID-19 Standing Order 21-57: In Re: Prompt Implementation of Executive Branch COVID-19 Vaccination Policy for U.S. Marshals Service and Court Security Officers (September 21, 2021) COVID-19 Standing Order 21-47: In Re: Updated Status of Court Operations, including Jury Trials, and CARES Act Extension for Remote Proceedings (August 25, 2021) In Re: Court Operations in Exigent Circumstances Created by the COVID-19 Pandemic, Standing Order No. 20-9 (BAH) (March 16, 2020); In Re: Extension of Postponed Court Proceedings in Standing Order 20-9 and Limiting Court Operations in Exigent Circumstances Created by the COVID-19 Pandemic, Standing Order No. 2019 (BAH)(Apr. 2, 2020); In Re Further Extension of Postponed Court Proceedings in Standing Order 20-9 and Limiting Court Operations in Exigent Circumstances Created by the COVID-19 Pandemic, Standing Order No. 2029 (BAH) (May 26, 2020); In Re: Third Further Extension of Postponed Court Proceedings Due to Ongoing Exigent Circumstances Caused by COVID-19 Pandemic, Standing Order No. 20-62 (BAH) (July 9, 2020); In Re: Fourth Further Extension of Postponed Court Proceedings Due to Ongoing Exigent Circumstances, Standing Order No. 20-68 (BAH) (August 10, 2020); In Re: Fifth Extension of Postponed Jury Trials Due to Ongoing Exigent Circumstances Caused by COVID-19 Pandemic, Standing Order No. 20-89 (BAH) (Nov. 6, 2020); In Re: Adjustment to Fifth Extension of

Judge Howell has authorized the continued use of video teleconferencing and telephone conferencing until the earliest of the following events: (a) Thirty days have passed since the date on which the President's national emergency declaration terminates; (b) the Judicial Conference of the United States finds that emergency conditions no longer exist; or (c) the Chief Judge issues an order that video teleconferencing and telephone conferencing are no longer warranted. (Standing Order No. 20-92 at 8.)  During Phase Two of the COOP Plan, in-person court proceedings are "permitted if necessary" but "video and audio teleconferencing should continue to be used to the greatest extent possible." (COOP Plan at 14-15.)  The COOP Plan further provides that during Phase Two "routine court proceedings … will continue to be held remotely by audio and video conferencing." (COOP Plan App. 7 at 1.). Despite the expiration of important provisions in the standing Orders (June 12, 2022), the COVID-19 pandemic is still ongoing and very fluid. The need for permitting video and audio teleconferencing in the instant case is compelling.

5. This case has been scheduled for an in-person sentencing hearing on September 14, 2022, at 12:00 PM. The undersigned counsel has been vaccinated COVID-19, tested negative for the virus on September 12, 2022, but has had prolonged exposure to a family member who tested positive for COVID-19 on September 10, 2022.

6. Given these circumstances, undersigned counsel submits that it would be imprudent for him to risk exposing the public during his travel to and from the courthouse for the September 14, 2022, sentencing hearing.

---

Postponed Jury Trials Due to Ongoing Exigent Circumstances Caused by COVID19 Pandemic and Temporary Suspension of Authority to Administer the Oath of Allegiance to New Citizens, Standing Order No. 20-91 (BAH) (Nov. 24, 2020); In Re: Sixth Extension of Postponed Jury Trials Due to Ongoing Exigent Circumstances Caused by COVID-19 Pandemic, Standing Order No. 20-93 (BAH) (Dec 17, 2020).

7. If counsel and Ms. Ferreira are permitted to participate remotely, it will be easier for Ms. Ferreira to consult with counsel during the sentencing hearing if the need arises.

8. The sentencing hearing is for a misdemeanor offense. Ms. Ferreira has no prior contact with the criminal justice system. At sentencing, no witnesses will be testifying and there are no outstanding motions or contentious issues to be argued.

9. The undersigned counsel contacted the government and left a voicemail for the assigned Assistant United States Attorney informing her of our intent to file the instant motion. The undersigned does not know the government's position at this time.

WHEREFORE the defense respectfully requests permission for him and Ms. Ferreira to appear via video teleconferencing for the sentencing hearing on September 14, 2022.

A proposed order is attached.

Dated: September 12, 2022,   Respectfully submitted,

*Lionel André*

Lionel André
SECIL Law, PLLC
1701 Pennsylvania Avenue, NW
Suite 200
Washington, D.C. 20006
landre@secillaw.com
(703) 304-6529
*Attorney for Leticia Vilhena Ferreira*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2022, I caused a true and correct copy of the foregoing motion to be served via the Court's ECF system to all counsel of record in this matter.

/s/ Lionel André_____